**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

| | | |
|---|---|---|
| **STEPHEN WAYNE SLONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 6:26-CV-134-SCM** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

1. Pursuant to Rule 26(f), a meeting was held on July 13, 2026, and was attended by Erin Svetlik on behalf of Plaintiff Stephen Wayne Slone ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

2. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required under Rule 26(a)(1)(B), and that production of the Administrative Record and parameters for limited discovery, if any, should proceed as outlined below.

3. The above-styled action is a claim by Plaintiff for recovery of disability benefits and to enforce Plaintiff's rights under the terms of the Plan and to clarify his rights to future benefits under the Plan. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, trial should be unnecessary for the final disposition of this case and, in the

event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and dispositive cross motions for summary judgment. Accordingly, to facilitate the submission of the case to the Court, the parties propose a scheduling order containing the deadlines suggested in Paragraph (d) below in lieu of the deadlines requested in a standard schedule.

a) Defendant's Statement: Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff believes discovery beyond the Administrative Record may be necessary regarding any potential issues of lack of due process or bias, and conflict of interest discovery.

Plaintiff's Statement: Plaintiff anticipates sending Request for Production, Request for Admission, and Interrogatories, taking oral depositions of the individuals who handled Plaintiff's claim for benefits, any in-house medical and vocational professionals who were involved in Plaintiff's claims, Defendant's corporate representative, and any experts designated by Defendant, and taking the deposition of Defendant's corporate representative.

b) The parties anticipate that discovery can be reasonably completed on or before **January 29, 2027**.

c) The deadline for the Parties to amend pleadings or join parties shall be **August 18, 2026**.

d) As stated above, trial should be unnecessary for the final disposition of this ERISA benefits case, and in the event that the parties do not resolve the case through settlement, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. **July 28, 2026** - Deadline for Defendant to produce Administrative Record to Plaintiff.
2. **January 29, 2027** - Deadline to Complete Discovery.
3. **February 5, 2027** - Deadline to file Stipulated Administrative Record.
4. **February 12, 2027 –** Deadline to Complete Mediation
5. **March 12, 2027** - Deadline to file cross motions for summary judgment.
6. **April 12, 2027** - Deadline to file response briefs.
7. **April 26, 2027** - Deadline to file reply briefs, at which time the case will stand submitted.

e) As stated above, trial should be unnecessary for the final disposition of this case. However, in the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case.

f) As stated above, trial should be unnecessary for the final disposition of this case.

g) The Parties will not consent to the referral of this case to a Magistrate Judge for all further proceedings in this case, including trial, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Respectfully submitted this 20th day of July 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/ Erin Svetlik (w/permission)
Erin Svetlik (Texas Bar No. 24115426)
(Admitted *Pro Hac Vice*)
Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

ATTORNEYS FOR PLAINTIFF