UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at London

| | | |
|---|---|---|
| STEPHEN WAYNE SLONE,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Civil Action No. 6:26-cv-00134-SCM<br><br>**SCHEDULING ORDER** |

*** *** *** ***

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court, having considered the report of the parties' planning meeting, [Dkt. 11], and being otherwise sufficiently advised, it is hereby **ORDERED** that the following schedule is adopted for resolution of this matter:

1) No later than September 7, 2026, the Defendant shall produce the Administrative Record to the Plaintiff. No later than February 5, 2027, the parties shall jointly file a Stipulated Administrative Record with the Court. The Stipulated Administrative Record may be filed under seal initially. However, within 14 days after the motions for judgment on the administrative record are fully briefed, the parties must jointly file an unsealed, partially redacted Stipulated Administrative Record. In the unsealed, partially redacted Stipulated Administrative Record, the parties may redact sensitive health information that is not germane to their arguments, and they may also redact those portions of the Stipulated Administrative

Record that contain sensitive personally identifiable information, like Social Security numbers, addresses, and telephone numbers. But information that is relied upon and cited in the parties' briefs shall not be redacted. If the parties cannot agree upon the redactions, they must inform the Court of that fact before the 14-day period expires, and the Court will schedule a status conference. The point of requiring an unsealed, partially redacted Stipulated Administrative Record is to balance the Plaintiff's interest in privacy with the public's interest in being able "to assess for itself the merits of judicial decisions" and to "ascertain[] what evidence and records the District Court … relied upon in reaching [its] decision[]. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1181 (6th Cir. 1983)). Any other initial disclosures required by Federal Rule of Civil Procedure 26(a) must also be exchanged on or before September 7, 2026.

2) No later than January 29, 2027, the parties must complete all discovery (with discovery requests served in a manner calculated for responses compliant with this deadline).

3) Discovery shall not be subject to any limitations other than those set forth in the Federal Rules of Civil Procedure.

4) Discovery disputes will be resolved in the following manner. Parties shall first meet or confer with each other in an attempt to resolve disputes between themselves, without judicial intervention. If the parties are unable to resolve any dispute informally, then the parties must <u>jointly</u> call the undersigned's chambers at

(859) 233-2415 requesting that telephone conference. **Only after holding a telephone conference with the undersigned may the parties file written motions with the Court to resolve the discovery dispute**. Any written motion regarding discovery must include the certification required by Rule 37(a)(1) and Local Rule 37.1.

5) **All motions for extensions of time are disfavored and must be accompanied by a memorandum and affidavit of counsel outlining sufficient grounds for granting the relief sought**.

6) The parties may not extend any of the deadlines set forth in this Scheduling Order by agreement. Likewise, the parties may not, by agreement, extend any deadline for responding to motions as required by Local Rule 7.1(c). Extensions regarding these matters require approval of the undersigned.

7) The parties must file any motions to amend pleadings and/or to join additional parties on or before September 18, 2026.

8) Any motion for judgment on the pleadings must be filed on or before November 23, 2026.

9) Simultaneous motions for judgment on the administrative record must be filed on March 12, 2027. Simultaneous response briefs shall be filed on April 12, 2027, and simultaneous reply briefs shall be filed on April 26, 2027.

10) **The parties are directed to file a joint status report the first Monday of each month**. Separate or individual status reports are not permitted. The status reports shall summarize the activities in the case for the preceding **30**

**days**. Status reports should include activities in the case, as opposed to merely summarizing items appearing on the docket sheet.

11) **Failure to timely comply with these requirements shall result in the matter being set for a status conference, requiring the attendance of counsel and the parties**.

12) It is not the Court's practice to order the parties to attend mediation. If the parties desire to submit this matter to mediation, they should arrange for that privately. However, if the parties desire a settlement conference with a Magistrate Judge, the Court will assist in arranging such a conference upon joint request of both parties.

13) If necessary, the Court will schedule a bench trial in a separate order.

Signed this 24th day of August, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky